Terry McQUIDDY, Plaintiff–Appellant,

v.

UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, Social Security Administration, Defendants–Appellees.

No. 89–4385

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Oct. 17, 1989.

Jim W. Wiley, Winnfield, La., for plaintiff-appellant.

John Gough, Chief Counsel, Christopher Carillo, Office of Regional Counsel, HHS, Dallas, Tex., for defendants-appellees.

Before CLARK, Chief Judge,
WILLIAMS and DUHE, Circuit Judges.

PER CURIAM:

The United States District Court for the Western District of Louisiana granted summary judgment against Terry McQuiddy and in favor of the Secretary of Health and Human Services (HHS) in McQuiddy's suit to gain Social Security disability benefits. McQuiddy appeals.

I.

On May 22, 1984 McQuiddy filed an application for Social Security disability benefits and for supplemental security income benefits. The basis of McQuiddy's claim was a back problem which made it inadvisable for him to lift with any frequency items weighing over twenty pounds. Both the Social Security Administration (SSA) and an administrative law judge (ALJ) declined McQuiddy's petitions for disability payments. The Appeals Council of the SSA denied review of the ALJ's decision. McQuiddy then filed this suit in the district court seeking review of the final denial of his claims by the Secretary of HHS. On motion of the Secretary the district court remanded to the Appeals Council for consideration of an amendment to the mental impairment listing of 20 C.F.R. Pt. 404, Subpt. P, App. 1. The Appeals Council remanded to the ALJ who found that, taken together, McQuiddy's physical and mental infirmities did establish that his proper classification was "disabled."

When the Appeals Council reviewed this decision, the Council determined additional evidence was needed on McQuiddy's mental health to enable it to resolve a conflict between I.Q. scores recorded in 1969 and 1986. If the higher 1969 score was the proper one, McQuiddy did not qualify for benefits. But if the lower 1986 score was applicable to McQuiddy's level of physical infirmity, he did qualify for benefits. The Council referred the case to a psychiatrist, Dr. Storey, who reported that the clinical evidence of McQuiddy's mental health corresponded with the higher 1969 I.Q. score and that the score from the 1986 testing was invalid.

The Appeals Council notified McQuiddy that it was considering Dr. Storey's report. On November 24, 1986 the Appeals Council informed McQuiddy that evidence in rebuttal to Dr. Storey's report could be submitted within twenty days. Although McQuiddy objected to the report, he submitted no contrary evidence to either the Appeals Council or later to the district court. Adopting Dr. Storey's opinion and using the 1969 scores for its evaluation of McQuiddy's claim, the Appeals Council reversed the ALJ and denied McQuiddy's claim.

At that point McQuiddy revived the current suit. Summary judgment was granted in favor of the Secretary, and McQuiddy appealed.

■ McQuiddy claims on appeal that the decision of the Appeals Council is based on insufficient evidence. Under 42 U.S.C. § 405(g) (1983) the district court was correct to affirm the final decision of the Secretary if substantial evidence supported the decision. Such evidence must amount to more than a scintilla but could be less than a preponderance. *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir.1987). The district court correctly held Dr. Storey's report provided substantial evidence in support of the Secretary's decision.

■ McQuiddy also claims that the procedure of the Appeals Council in supplementing the evidence before them without allowing the parties to present rebuttal evidence is violative of the Fifth Amendment Due Process Clause. The procedure fol-

lowed by the Appeals Council is allowed by 20 C.F.R. § 404.977(e)(2), which states:

> If the Appeals Council believes that more evidence is required, it may again remand the case to an administrative law judge for further inquiry into the issues, rehearing, receipt of evidence, and another decision or recommended decision. However, if the Appeals Council decides that it can get the additional evidence more quickly, it will take appropriate action.

After the Appeals Council had taken "appropriate action" and received Dr. Storey's report, McQuiddy was notified that the Council was considering the report and that he could submit rebuttal evidence within twenty days. During this period McQuiddy submitted nothing to the Appeals Council except an objection to their consideration of the report. McQuiddy did not subsequently present to the district court any evidence contradicting Dr. Storey's conclusions, nor did he assert such evidence existed. McQuiddy had a full opportunity to present evidence beneficial to his position, and failed to do so within the prescribed reasonable time limits. His due process claim is without merit.

## II.

The judgment of the district court is AFFIRMED.